Slip. Op. 09-130

UNITED STATES COURT OF INTERNATIONAL TRADE

```
- - - - - - - - - - - - - - - -x
THYSSENKRUPP MEXINOX S.A.        :
DE C.V. et al.,                  :
                                 :
        Plaintiffs,              :
                                 :
             v.                  :   Before: Pogue, Judge
                                 :   Court No. 06-00236
UNITED STATES, et al.,           :
                                 :
        Defendant,               :
                                 :
AK STEEL CORPORATION,            :
ALLEGHENY LUDLUM CORPORATION     :
and NORTH AMERICAN STAINLESS,    :
                                 :
        Defendant-Intervenors.   :
- - - - - - - - - - - - - - - -x
```

**ORDER**

Presently before the court is Plaintiffs' request for declaratory and injunctive relief equivalent to that granted in Canadian Lumber Trade Alliance v. United States, 30 CIT 391, 443, 425 F. Supp. 2d 1321, 1373 (2006) ("Canadian Lumber I"), aff'd in part & rev'd in part on other grounds, 517 F.3d 1319 (Fed. Cir. 2008) and Canadian Lumber Trade Alliance v. United States, 30 CIT 892, 441 F. Supp. 2d 1259 ("Canadian Lumber II"), aff'd as modified, 517 F.3d 1319 (Fed. Cir. 2008) Responding to Plaintiffs' request, Defendant and Defendant-Intervenors both move to dismiss Plaintiffs' action in its entirety. Defendant also moves, in the alternative, for judgment on the agency record.

There is no doubt or dispute, however, that some entries of Plaintiff's merchandise – entries which are the subject of Plaintiff's complaint – remain unliquidated and therefore are

subject to possible duty collection and disbursement under the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA"), section 754 of the Tariff Act, 19 U.S.C. § 1675c. Accordingly, this matter is not moot, and, with regard to their request for declaratory relief, the Plaintiffs are correct. The court's opinions in Canadian Lumber I and Canadian Lumber II control this case, and the Plaintiffs are entitled to declaratory relief.

Canadian Lumber II also provides some support for Plaintiff's view that a balancing of equitable factors may weigh in favor of issuing a permanent injunction in this case. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006) ("According to well-established principles of equity, a plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be dis-served by a permanent injunction.").

Plaintiffs, however, have not yet made the necessary showing on the record here that these equitable factors weigh in favor of issuance of a permanent injunction. Specifically, plaintiffs have not demonstrated that, absent an order by the court, further collections or distributions contrary to section 408 are probable or imminent. As such, the court cannot at this time, absent

further submissions and/or a hearing, conclude that a weighing of equitable factors requires entry of a permanent injunction here.

Therefore, in accordance with the court's determinations above, it is hereby:

ORDERED, ADJUDGED and DECREED that Defendant's and Defendant-Intervenors' Motions to Dismiss or, in the alternative, Motion for Judgment on the Agency Record are DENIED; and it is hereby

ORDERED, ADJUDGED and DECREED that, pursuant to section 408 of the North American Free Trade Implementation Act, 19 U.S.C. § 3438, the CDSOA does not apply to the antidumping orders on stainless steel sheet and strip products from Mexico; and it is hereby

ORDERED, ADJUDGED and DECREED that Defendant United States' disbursement under the CDSOA to domestic producers of antidumping duties assessed on imports of stainless steel sheet and strip products from Mexico was and is contrary to law; and it is hereby

ORDERED, ADJUDGED and DECREED that, as agreed by the parties, Count IV of Plaintiffs' Complaint is DISMISSED; and it is hereby

ORDERED that the parties shall confer and provide the court an agreed schedule for further submissions and/or a hearing addressing the appropriateness of permanent injunctive relief.

It is SO ORDERED.

/s/ Donald C. Pogue
Donald C. Pogue, Judge

Dated: November 16, 2009
    New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble  
Clerk of the Court

Date: _____   By: _____  
Deputy Clerk