```
                          Slip. Op. 09-138
            UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - -x
THYSSENKRUPP MEXINOX S.A.         :
DE C.V. et al.,                   :
                                  :
        Plaintiffs,               :
                                  :
             v.                   :   Before: Pogue, Judge
                                  :   Court No. 06-00236
UNITED STATES, et al.,            :
                                  :
        Defendant,                :
                                  :
AK STEEL CORPORATION,             :
ALLEGHENY LUDLUM CORPORATION      :
and NORTH AMERICAN STAINLESS,     :
                                  :
        Defendant-Intervenors.    :
- - - - - - - - - - - - - - - - -x
```

**JUDGMENT**

This action involves the distribution to affected domestic producers, pursuant to the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA" or "Byrd Amendment"), section 754 of the Tariff Act, 19 U.S.C. § 1675c (2000), of antidumping ("AD") duties assessed and collected on imports of certain steel products from Mexico. In their complaint, Plaintiffs claimed, correctly, that the Byrd Amendment may not be applied to AD duties on goods from Mexico. On the other hand, on May 13, 2009, the court denied Plaintiffs' motion to amend their complaint to add (1) a cause of action for unjust enrichment, against the Defendant-Intervenors, Plaintiffs' domestic competitors, for receiving and retaining distributions under the Byrd Amendment of AD duties collected upon

the entry into the U.S. of Plaintiffs' goods, and (2) a claim for injunctive relief requiring the Defendant-Intervenors to disgorge those illegally-received distributions. Thyssenkrupp Mexinox S.A. de C.V. v. United States, __ CIT __, __, 616 F. Supp. 2d 1376, 1378 (2009). The court's decision resulted from its refusal to exercise supplemental jurisdiction over the former claim, and its recognition that the passage of the American Recovery and Reinvestment Act of 2009, H.R. 1, Pub. L. No. 111-5, §§ 1-7002, 123 Stat. 115, 115-521 (2008) mooted the latter claim. Thyssenkrupp, 616 F. Supp. 2d at 1378.

On November 16, 2009, the court granted Plaintiffs' request for declaratory relief equivalent to that granted in Canadian Lumber Trade Alliance v. United States, 30 CIT 391, 441-43, 425 F. Supp. 2d 1321, 1372-73 (2006) ("Canadian Lumber I"), aff'd in part & vacated in part on other grounds, 517 F.3d 1319 (Fed. Cir. 2008) and Canadian Lumber Trade Alliance v. United States, 30 CIT 892, 894-95, 441 F. Supp. 2d 1259, 1262-63 (2006) ("Canadian Lumber II"), aff'd as modified, 517 F.3d 1319. Thyssenkrupp Mexinox S.A. de C.V. v. United States, No. 06-00236, 2009 WL 3809614, at *1-2 (CIT Nov. 16, 2009). The court found that some entries of Plaintiff's merchandise – entries which are the subject of Plaintiff's complaint – remained unliquidated and therefore are subject to duty collection and disbursement under the CDSOA. Accordingly, the court determined that the court's prior opinions

in Canadian Lumber I and Canadian Lumber II control this case, and that the Plaintiffs are entitled to declaratory relief.

Plaintiff further requested permanent injunctive relief. However, subsequent to the court's November 16th order, Plaintiff has abandoned its request, and the parties now agree that this action can proceed to final judgment.

Therefore, this action, having been duly submitted for decision, and the court, after due deliberation, having rendered decisions herein;

Now, in conformity with those decisions, it is hereby

ORDERED, ADJUDGED and DECREED that, pursuant to section 408 of the North American Free Trade Implementation Act, 19 U.S.C. § 3438, the CDSOA does not apply to the AD orders on stainless steel sheet and strip products from Mexico; and it is hereby

ORDERED, ADJUDGED and DECREED that Defendant United States' disbursement under the CDSOA to domestic producers of AD duties assessed on imports of stainless steel sheet and strip products from Mexico was and is contrary to law.


Dated:    New York, New York
          December 15, 2009

                                    /s/  Donald C. Pogue
                                    Donald C. Pogue, Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: _____  By: _____
Deputy Clerk